UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:

JOHNSON ENTERPRISES –
JOHNSON WASH SYSTEMS, LLC,                  Case No. 24-31570
                                            Chapter 11
        Debtor.                             Hon. Joel D. Applebaum
_____/

**COVER SHEET FOR DEBTOR'S FIRST DAY MOTION FOR INTERIM
AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO USE CASH
COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO THE
PRE-PETITION LENDERS; AND (III) SCHEDULING A FINAL HEARING**

Johnson Enterprises – Johnson Wash Systems, LLC, (the "Debtor"), has

filed a *First Day Motion for Interim and Final Orders (I) Authorizing the Debtor*

*to Use Cash Collateral; (II) Providing Adequate Protection to the Pre-Petition*

*Lenders; and (III) Scheduling a Final Hearing*, which is attached to this Cover

Sheet. In accordance with L.B.R. 4001-2(b) (E.D.M.), the Debtor has identified

below, by page and paragraph number, the location in the proposed order

accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |

| | | |
|---|---|---|
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br><br>___X___ No | Page ____, ¶ ____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br><br>___X___ No | Page ____, ¶ ____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | _____ Yes<br><br>___X___ No | Page ____, ¶ ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ___X___ Yes<br><br>_____ No | Page 3, ¶ 5 |
| (8) Provisions for the payment of prepetition debt. | _X___ Yes<br><br>_____No | Page 4, ¶ 7 |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>___X___ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>__X___No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>__X___No | Page ____, ¶ ____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>____X_No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>____X_No | Page ____, ¶ ____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>____X_No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>____X_No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes<br><br>____X_No | Page ____, ¶ ____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>__X_No | Page ____, ¶ ____ |

Steinberg Shapiro & Clark

/s/ Mark H. Shapiro (P43134)
Attorney for Johnson Enterprises-Johnson
Wash Systems, LLC
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
shapiro@steinbergshapiro.com

Date: August 23, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:

JOHNSON ENTERPRISES –
JOHNSON WASH SYSTEMS, LLC,          Case No. 24-31570
                                    Chapter 11
    Debtor.                         Hon. Joel D. Applebaum
_____/

## DEBTOR'S FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO THE PRE-PETITION LENDERS; AND (III) SCHEDULING A FINAL HEARING

Johnson Enterprises-Johnson Wash Systems, LLC, (the "Debtor"), by and

through its proposed counsel, Steinberg Shapiro & Clark, for its *First Day Motion*

*for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral;*

*(II) Providing Adequate Protection to the Pre-Petition Lenders; and (III)*

*Scheduling a Final Hearing* (the "Motion"), states:

### Request for Hearing

Through this Motion, the Debtor seeks entry of interim and final orders (i)

authorizing the Debtor to use Cash Collateral (defined below) and to provide

adequate protection to the Pre-Petition Lender (defined below) in connection with

its use of Cash Collateral, (ii) scheduling a final hearing on this Motion (the "Final

Hearing"), and (iii) establishing notice procedures regarding this Motion.

Debtor must fund its postpetition operations. As a result, Debtor respectfully requests that the Court schedule a hearing on this Motion as soon as possible.

## Jurisdiction

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.     Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

4.     On August 22, 2024 (the "Petition Date"), the Debtor filed its Voluntary Petition for relief (the "Chapter 11 Case") under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned Subchapter V case (the "Case").[1]

5.     The Debtor continues to operate its business and manage its financial affairs and properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108. No official committee of creditors holding unsecured claims or other committees have been formed under § 1102, and no committee is expected to be formed consistent with § 1181(a).

---

[1] Unless stated otherwise, all statutory references herein are to the Bankruptcy Code.

6.     Kathleen Barge ("Barge") is the sole Member and person in control of the Debtor.

7.     The *Declaration of Kathleen Barge in Support of Debtor's Chapter 11 Petition and First Day Pleadings* ("Barge Declaration") describes Debtor's background and the circumstances leading to its bankruptcy filing. *See* Barge Declaration at Dkt. No. 7.

## The Debtor's Business

8.     Prior to the Petition Date, the Debtor operated a design, manufacturing, and installation business for truck washing systems. The Debtor is one of only a handful of such businesses in the United States and typically serves companies that maintain fleets of trucks. *See* Dkt. No. 7, paragraph 8.

9.     The Debtor employs individuals as necessary, but the vast majority of the design, installation, and business operations are conducted by Barge. *See* Dkt. No. 7 at paragraph 9.

## Cash Collateral

10.     On the Petition Date, the Debtor, without admission, believes its cash collateral (the "Cash Collateral") consists of the following:

   a. Cash of approximately $0.00;
   b. Bank accounts located at Bank of Ann Arbor, Lake Trust Credit Union and University of Michigan Credit Union holding approximately $961.07 at the time of filing; and
   c. Accounts Receivable with a face value of approximately $8,060.

3

*See* Dkt. No. 7 at paragraph 17. Additionally, the Debtor is a party to a contract with a customer for the construction of a substantial project. In connection with the contract, the Debtor received a ~$61,000.00 'advance' payment/security deposit for the production of a new wash system that was intended for the purchase of materials necessary to perform the contract. As set forth in greater detail below, the advance payment/security deposit, along with a small additional amount of funds, was swept by Debtor's cash collateral creditor prior to the commencement of these proceedings.

11.    Without the ability to make the payments as set forth in the Budget (defined below) and including the advance payment/security deposit, (i) the Debtor will suffer irreparable harm; (ii) its reputation will be impaired; (iii) it will be unable to pay the ordinary expenses of operating its business; (iv) the Debtor will be forced to cease operating. *See* Dkt. No. 7 at  paragraph 21.

12.    The majority of the Debtor's value arises from its on-going operations and its ability to design, manufacture, install and service its wash systems. If the Debtor ceases operating and is forced to liquidate, its value will be substantially reduced.

**Nature of Debt**

13.    The Debtor entered into a loan agreement with Bank of Ann Arbor ("BOAA"), the terms of which provided for BOAA receiving a lien in all of the

Debtor's assets, including cash collateral. First National Bank in Howell, the predecessor of BOAA filed a UCC financing statement with the State of Michigan against the Debtor's assets on September 13, 2019. The Debtor anticipates that BOAA may assert a first priority security interest in the Debtor's Cash Collateral to secure indebtedness in the approximate amount of $108,000, however it should be noted that BOAA is also secured by a second position mortgage on residential real property owned by Kathleen and Joseph Barge. BOAA is oversecured as a result of the second mortgage.

14.     As referenced above, prior to filing, BOAA set off the Debtor's account in the sum of approximately $63,000. The majority of the funds were an advance payment/security deposit paid to the Debtor from a customer and were paid to the Debtor in trust for the purpose of purchasing materials in connection with the project. Debtor has pled with BOAA to return the funds and provided BOAA with the attached financial projections, demonstrating that the company cannot operate without the return of the funds/is able to return a substantial profit on the project if the funds are returned and the project moves forward. Debtor also provided BOAA with an itemized list of all the materials that need to be purchased with the funds swept from the account. This Motion and the Debtor's operation in Chapter 11 is predicated on the return of the funds and this case will likely convert

to Chapter 7 unless: (a) the funds set off by BOAA are returned; and (b) the Debtor is authorized to use cash collateral as set forth in the budget.

15.     A UCC search conducted prior to the commencement of these proceedings also disclosed a second creditor which appears to assert a lien in all assets of the Debtor, including cash collateral. The UCC-1 was filed by Corporation Service Company on August 3, 2021, as the agent or nominee of the actual secured creditor, described as CHTD Company. According to the UCC filing, "The secured party named in this record is acting in a representative capacity for purposes of forwarding notices and inquiries regarding this record. For more information, please contact the secured party at the address listed above or at UCCSPREP@CSCINFO.COM". On June 8, 2024, the undersigned emailed Corporation Service Company and requested information on the actual secured party. Furthermore, copies of the present Motion have been sent to Corporation Service Company/CHTD. On June 10, 2024, the undersigned received an email from Corporation Service Company advising that the lien was filed on behalf of Swift Financial, and that any further information would have to be obtained by contacting Swift at customerservice@swiftfinancial.com. The undersigned emailed Swift Financial on June 10, 2024, and was provided contact information from Swift. Since that time, the Debtor's principal, Barge has been bounced back and forth between divisions of PayPal and Swift Financial, with each advising her that

6

any information will need to be obtained from the other. Neither Barge nor her husband were aware of any party other than BOAA holding a lien in cash collateral, but Swift Financial may relate to a merchant cash advance line of credit the Debtor obtained from Paypal.[2] Neither do Barge or her husband believe any party other than BOAA is entitled to adequate protection other than replacement liens, for the reason(s) that: the total cash collateral held by the Debtor is less than the amount owed to the first lienholder, BOAA; and until the Debtor has seen documentation of Swift Financial's lien, it disputes that any such lien exists.

16. Nothing in this Motion may be construed as an admission with respect to liability for any indebtedness, nor should anything within this Motion be construed as an admission with respect to the extent, status, validity, and enforceability of any lien against any of the Debtor's assets.

## Request for Use of Cash Collateral

17. Debtor is confident that its post-petition operations will be profitable and that it will be able to demonstrate its ability to remain profitable during this bankruptcy proceeding and beyond.

---

[2] Additional UCCs were filed by: New Lane Finance, however the description of collateral refers only to certain identified equipment; and "Lien Solutions/CT Corporation System, As Representative" (2), referring to the entry of a money judgment obtained by Balboa Capital Corporation against the Debtor, Kathleen Barge, and Joseph Barge. The Debtor submits that none of UCCs have a lien on cash collateral.

18.     Debtor has prepared an operating budget which contains projected revenue and an anticipated budget of necessary expenditures for the 13-week period beginning on the Petition Date (the "Budget"). *See* Budget attached as Exhibit "A".

19.     In order to avoid immediate and irreparable harm to the Debtor and the Debtor's estate, the Debtor must use Cash Collateral in an amount not to exceed $138,450, to pay the immediate operating expenses of the Debtor from the Petition Date through November 4, 2024. *See* Dkt. No. 7 at paragraph 20 and Exhibit "A".

20.     As part of its request to use Cash Collateral, the Debtor is requesting that this Court allow it to escrow, on a monthly basis, $800 into a debtor-in-possession account earmarked to pay the professional fees incurred by its legal counsel, accountant, and the Subchapter V Trustee in connection with the bankruptcy proceeding to the extent the fees are allowed by this Court (the "Professional Fees").[3]

21.     The Debtor submits that the Professional Fees will remain property of the estate, until such time that Professional Fees are allowed by Court order and will be free and clear of the liens, claims, and encumbrances of any secured

---

[3] The Debtor has filed or will file an *Application to Employ Steinberg Shapiro & Clark as Counsel for the Debtor* and *Application to Employ an accountant for the Debtor* on the Petition Date.

creditors. This arrangement provides a practical and necessary mechanism for the payment of allowed administrative expenses to Debtor's retained professionals and the Subchapter V Trustee.

## Adequate Protection

22.     The Bankruptcy Code does not explicitly define "adequate protection," but section 361 of the Bankruptcy Code provides a nonexclusive list of how a debtor-in-possession may provide it, including: (i) periodic cash payments, (ii) additional or replacement liens, or (iii) other relief resulting in the "indubitable equivalent" of the secured creditor's interest in such property.

23.     What constitutes adequate protection must, therefore, be decided on a case-by-case basis. *See, e.g., In re Masello,* 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *see also, In re O'Connor,* 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin,* 761 F.2d 472 (8th Cir. 1985). The proposed adequate protection is intended to protect a secured creditor from diminution in the value of its pre-petition collateral while the Debtor uses it. *See In re 494 Central Park Avenue Corp.,* 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Beker Indus. Corp.*, 58 B.R. at 736; *In re Hubbard Power & Light,* 202 B.R. 680 (Bankr. E.D.N.Y. 1996).

24.     As adequate protection under sections 363 and 361 of the Bankruptcy Code for any security interests that BOAA may assert, and to the extent that the Debtor uses Cash Collateral and does not replace same, Debtor offers replacement

liens in all such types and descriptions of collateral which secured BOAA's pre-petition liabilities and which are created, acquired or arise after the Petition Date.[4] Additionally, the Debtor proposes to continue the monthly payments to BOAA in the same amount as was being paid prepetition, being the sum of $1,395.15. The Debtor does not believe that Swift Financial or any other party other than BOAA is entitled to adequate protection other than replacement liens, for the reason(s) that: the total cash collateral held by the Debtor is less than the amount owed to the first lienholder, BOAA; and until the Debtor has seen documentation of Swift Financial's lien, it disputes that any such lien exists.

25.     The Debtor is thereby able to provide its secured creditor(s) with adequate protection through its continuing operations, monthly payments and through the replacement liens. *See, e.g.,* Matter of Pursuit Athletic Footwear, Inc., 193 B.R. 713 (Bankr. D. Del. 1996).[5]

26.     On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use its Cash Collateral.

---

[4] To the extent that this Court determines that any other creditor has an interest in Cash Collateral, Debtor will offer that creditor substantially the same treatment offered in this Motion. The priority of the replacement liens provided to such creditor, if any, shall remain consistent with the priority of the lien held by that creditor prior to the Petition Date.

[5] In Pursuit Athletic Footwear, the Court found that credible projections of post-petition operating profits provided the secured creditor with adequate protection. 193 B.R. at 717-718.

## Interim Approval of the Use of Cash Collateral

27.     Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use cash collateral pursuant to § 363, and to obtain credit under § 364 may not be commenced earlier than 14 days after the service of such motion. Upon request, however, the Court can conduct a preliminary, expedited hearing on such a motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

28.     To avoid a disruption in the Debtor's operations pending the Final Hearing, the Debtor requests that the Court schedule and conduct a preliminary hearing on the Motion and authorize the Debtor from and after the entry of the Interim Order until the Final Hearing to use Cash Collateral pursuant to the terms of the Interim Order.

## Establishing Notice Procedures and Scheduling Final Hearing

29.     The Debtor will: (a) immediately provide notice of the hearing on this Motion to: (i) the United States Trustee for the Eastern District of Michigan, (ii) counsel for BOAA, (iii) Corporation Service Company and CT Corporation System, (iv) the Debtor's 20 largest unsecured creditors, and (vi) all other parties who were required to be served under Fed. R. Bank. P. 4001(d), and (b) give such notice by any one of the following methods which is available: (i) ECF service; (ii) personal service; (iii) overnight mail; (iv) facsimile, or (v) e-mail. In light of the

nature of the relief requested, the Debtor submits that no other or further notice is required.

30.     The Debtor further respectfully requests that the Court schedule the Final Hearing and authorize it to serve copies of any entered Interim Order, which fixes the date, time and manner for the filing of objections, to: (i) the United States Trustee for the Eastern District of Michigan; (ii) the Debtor's 20 largest unsecured creditors; (iii) Pre-Petition Lender and its counsel; and (iv) any other party that has filed, prior to such date, a request for notice with this Court, via ECF or first class mail. The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient notice under Bankruptcy Rule 4001.

31.     No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, substantially in the form of attached, granting the relief requested in this Motion and granting such further relief as the Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Mark H. Shapiro (P43134)
Attorney for Johnson Enterprises-Johnson Wash Systems, LLC
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
shapiro@steinbergshapiro.com

Date: August 23, 2024

12

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:

JOHNSON ENTERPRISES –
JOHNSON WASH SYSTEMS, LLC,                Case No. 24-31570
                                          Chapter 11
         Debtor.                          Hon. Joel D. Applebaum
_____/

## ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO THE PRE-PETITION LENDERS; AND (III) SCHEDULING A FINAL HEARING

Upon consideration of the Debtor's *First Day Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Providing Adequate Protection to the Pre-Petition Lenders; and (III) Scheduling a Final Hearing* (the "Motion"), upon consideration of the *Declaration of Kathleen Barge* (the "Barge Declaration"); the Court having jurisdiction pursuant to sections 157 and 1334 of Title 28 of the United States Code to consider the Motion and the relief requested therein; venue being proper in this Court pursuant to sections 1408 and 1409 of Title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of Title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard sufficient evidence and the statements of counsel regarding the Motion and having

determined that the legal and factual bases set forth in the Motion and attested to in the Barge Declaration establish just cause for the relief granted herein;

IT APPEARS, AND THE COURT HEREBY FINDS that:

A.     On August 22, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107(A) and 1108 of the Bankruptcy Code.

B.     The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

C.     The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.     The Motion is granted.

2.     All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

3.     The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

4.     The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order in the absence of a timely objection and final hearing is $87,415 to pay the immediate operating expenses of the Debtor's business for the 30 days following the Petition Date, as set forth in the Budget. The Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order.

5.     The Debtor is authorized to segregate in a Debtor-In-Possession account $800 per month earmarked for the payment of Professional Fees, commencing no later than September 1, 2024, and on the first of each month thereafter. The segregated funds for Professional Fees (the "Segregated Funds") will remain property of the estate until such time that fees are allowed under 11 USC § 330, and such funds shall be free and clear of the liens, claims and interest of any secured creditor.

6.     Bank of Ann Arbor, and any other secured creditors that may claim an interest in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, are hereby granted replacement liens in all

3

types and descriptions of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date except the Segregated Funds, but only to the extent of any diminution in the value of such Cash Collateral, to the extent that there is any diminution.

7.     Additionally, the Debtor proposes to continue the monthly payments to BOAA in the same amount as was being paid prepetition, being the sum of $1,395.15.

8.     The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the United States Trustee for the Eastern District of Michigan; (ii) all secured creditors; (iii) the Debtor's 20 largest unsecured creditors; (iv) all other parties who are required to be served under Fed.R.Bankr.P.4001(d); and (v) any other party that has filed, prior to such date, a request for notice with this Court, via ECF or first class mail;.

9.     All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order.

10.     If an objection is timely filed, the final hearing on this Order will be held before the Honorable Joel D. Applebaum, United States Bankruptcy Court for the Eastern District of Michigan, Flint Division, 226 West Second Street, Flint, Michigan, on the ____ day of _____, 2024, at _____ to consider such objections.

11.     If no timely objections are filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

12.     The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

# EXHIBIT A

PROJECTIONS
JOHNSON ENTERPRISES
JOHNSON WASH SYSTEMS, LLC

04/08/2024 THRU 11/04/2024
2025-2026

| | Detail | Contract Y/N/Probable | Contract Value | 4/8/2024 | 4/15/2024 | 4/22/2024 | 4/29/2024 | 5/6/2024 | 5/13/2024 | 5/20/2024 | 5/27/2024 | 6/3/2024 | 6/10/2024 | 6/17/2024 | 6/24/2024 | 7/1/2024 | 7/8/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Revenue | East Mfg.-Cleveland, OH | Y | $153,300.00 | | | $30,660.00 | | | | | | | | | | | |
| | Genesee County RoCo, MI | Y | $26,977.00 | $12,140.00 | | | | | | | | | | | | | |
| | Lazrtek001-WitteTW, MO | Y | $165,760.00 | $82,000.00 | | | | | | | | | | | | | |
| | Lazrtek002-TampaTW, FL | Y | $16,000.00 | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| **Total Sales** | | | | $94,140.00 | $0.00 | $30,660.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| WM CONTRACTED INCOME | WM-Biloxi | Y | Y | $8,060.00 | $0.00 | $0.00 | $0.00 | $8,060.00 | $0.00 | $0.00 | $0.00 | $8,060.00 | $0.00 | $0.00 | $0.00 | $8,060.00 | $0.00 |
| | | | | | | | | | | | | | | | | | |
| Balance forward Previous Week | | Y | Y | $3,100.00 | $22,125.00 | $3,100.00 | $24,760.00 | $0.00 | $575.00 | -$295.00 | -$295.00 | $0.00 | $2,575.00 | $85.00 | $85.00 | -$485.00 | $2,785.00 |
| | | | | | | | | | | | | | | | | | |
| **Total Revenue** | | | | $105,300.00 | $22,125.00 | $33,760.00 | $24,760.00 | $8,060.00 | $575.00 | -$295.00 | -$295.00 | $8,060.00 | $2,575.00 | $85.00 | $85.00 | $7,575.00 | $2,785.00 |
| | | | | | | | | | | | | | | | | | |
| CostOfSales | PRESSURE WASH EQ | | | | | | | | | | | | | | | | |
| | PUMPING SYSTEMS | | | $33,000.00 | | | | | | | | | | | | | |
| | MISC EQUIP | | | $6,000.00 | | | | | | | | | | | | | |
| | ENGINEER/DRWNGS | | | $5,200.00 | | $4,000.00 | | | | | | | | | | | |
| | PROGRAMMING | | | $2,500.00 | | $5,000.00 | | | | | | | | | | | |
| | CONTROLSEQUIPMENT | | | $6,000.00 | | | | | | | | | | | | | |
| | RAW MATERIALS | | | $12,000.00 | | | | | | | | | | | | | |
| | SPRAY MATERIALS | | | $1,600.00 | | | | | | | | | | | | | |
| | ASSEMBLIES | | | $6,000.00 | | | | | | | | | | | | | |
| | VENDORASSIST | | | | | | | | | | | | | | | | |
| | WATERTREATMENTEQ | | | $3,000.00 | | | | | | | | | | | | | |
| | MISC COMPONENTS | | | | | | | | | | | | | | | | |
| | GLANCOTIREWASH | | | | | | | | | | | | | | | | |
| | WM/BLXI-MAINT | | | | | | | | | | | | | | | | |
| | TRAVEL-MISC-FREIGHT | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| **COS_DEBITS** | | | | $75,300.00 | $0.00 | $9,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | | |
| **Gross Profit** | | | | $30,000.00 | $22,125.00 | $24,760.00 | $24,760.00 | $8,060.00 | $575.00 | -$295.00 | -$295.00 | $8,060.00 | $2,575.00 | $85.00 | $85.00 | $7,575.00 | $2,785.00 |
| SHOP_DEBITS | | | | | | | | | | | | | | | | | |
| Shop 1099s | | | | $0.00 | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | | | $600.00 | $0.00 |
| Utilities GasElec Water | | | | $50.00 | $50.00 | | | $50.00 | $50.00 | | | $50.00 | $50.00 | | | $50.00 | $50.00 |
| EquipmentMaint_Consumables | | | | | | | | | | | | | | | | $200.00 | |
| Auto Maint. | | | | $50.00 | $50.00 | | | $50.00 | $50.00 | | | $50.00 | $50.00 | | | $50.00 | $50.00 |
| Materials & Supplies (non Job) | | | | | | | | | | | | | | | | | |
| Lease/Rent | | | | $1,500.00 | $0.00 | | | $1,500.00 | $0.00 | | | $1,500.00 | $0.00 | | | $1,500.00 | $0.00 |
| **TOTALSHOP DEBIT** | | | | $1,600.00 | $100.00 | $0.00 | $0.00 | $1,600.00 | $100.00 | $0.00 | $0.00 | $1,600.00 | $100.00 | $0.00 | $0.00 | $2,200.00 | $300.00 |
| Sub_Gross Profit | | | | $28,400.00 | $22,025.00 | $24,760.00 | $24,760.00 | $6,460.00 | $475.00 | -$295.00 | -$295.00 | $6,460.00 | $2,475.00 | $85.00 | $85.00 | $5,375.00 | $2,485.00 |
| OFFICE_DEBITS | | | | | | | | | | | | | | | | | |
| Office Wages | | | | | | | | | $200.00 | | | | | | | | $200.00 |
| Office Exp. | | | | | | | | | | | | | | | | $60.00 | $60.00 |
| Utilities-Phone -Internet | | | | $65.00 | | | $65.00 | | $65.00 | | $65.00 | | $65.00 | | $65.00 | $65.00 | $65.00 |
| IT Maintenance | | | | | | | | | $40.00 | | | | | | | $40.00 | $40.00 |
| Software Costs | | | | | | | | | $80.00 | | | | | | | $80.00 | $80.00 |
| Accounting | | | | $75.00 | | | $75.00 | | $75.00 | | $75.00 | | $75.00 | | $75.00 | $75.00 | $75.00 |
| Legal | | | | $100.00 | | | $100.00 | | $100.00 | | $100.00 | | $100.00 | | $100.00 | $100.00 | $100.00 |
| Auto Insurance | | | | $35.00 | | | $35.00 | | $35.00 | | $35.00 | | $35.00 | | $35.00 | $35.00 | $35.00 |
| General Liability | | | | $50.00 | | | $50.00 | | $50.00 | | $50.00 | | $50.00 | | $50.00 | $50.00 | $50.00 |
| Work Comp | | | | $65.00 | | | $65.00 | | $65.00 | | $65.00 | | $65.00 | | $65.00 | $65.00 | $65.00 |
| Income Taxes | | | | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK |
| Admin. Expenses | | | | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD |
| Member Draws | | | | $2,000.00 | $2,000.00 | | | $2,000.00 | | | | $2,000.00 | | | | | |
| Professional Services | | | | $1,295.00 | | | | | $1,295.00 | | | | $1,295.00 | | | $1,295.00 | |
| BOAA Loan | | | | $1,295.00 | | | | | $1,295.00 | | | | $1,295.00 | | | $1,295.00 | |
| **BOAA CAPTURE** | | | | | | | | | | | | | | $0.00 | $0.00 | $0.00 | $0.00 |
| DIP_DEBTPAYMENTS | | | | $1,295.00 | $0.00 | $0.00 | $0.00 | $1,295.00 | $0.00 | $0.00 | $0.00 | $1,295.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTALOFFICEDEBITS | | | | $6,275.00 | $2,000.00 | $0.00 | $390.00 | $5,885.00 | $770.00 | $0.00 | $390.00 | $3,885.00 | $2,390.00 | $0.00 | $570.00 | $2,590.00 | $770.00 |
| | | | | | | | | | | | | | | | | | |
| **Total Expense** | | | | $83,175.00 | $2,100.00 | $9,000.00 | $390.00 | $7,485.00 | $870.00 | $0.00 | $390.00 | $5,485.00 | $2,490.00 | $0.00 | $570.00 | $4,790.00 | $1,070.00 |
| **Net Operating Income** | | | | $3,100.00 | $22,125.00 | $20,025.00 | $24,760.00 | $24,370.00 | $575.00 | -$295.00 | -$295.00 | -$685.00 | $2,575.00 | $85.00 | $85.00 | -$485.00 | $2,785.00 | $1,715.00 |

JWS PROJECTS WITHOUT BOAA CAPTURE

PROJECTIONS
JOHNSON ENTERPRISES
JOHNSON WASH SYSTEMS, LLC

04/08/2024 THRU 11/04/2024
2025-2026

| 7/15/2024 | 7/22/2024 | 7/29/2024 | 8/5/2024 | 8/12/2024 | 8/19/2024 | 8/26/2024 | 9/2/2024 | 9/9/2024 | 9/16/2024 | 9/23/2024 | 9/30/2024 | 10/7/2024 | 10/14/2024 | 10/21/2024 | 10/28/2024 | 11/4/2024 | FISCAL YEAR 2025 | FISCAL YEAR 2026 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $61,320.00 | | | | | | | $45,990.00 | | | | $15,330.00 | | | | | | |
| | | | | $12,139.61 | | | $2,698.00 | | | | | | | | $16,500.00 | | | |
| | | | | | | | | | $66,300.00 | | | | | | | | | |
| | | | | | $8,000.00 | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | $350,000.00 | $380,000.00 |
| $0.00 | $61,320.00 | $0.00 | $0.00 | $12,139.61 | $0.00 | $8,000.00 | $2,698.00 | $45,990.00 | $66,300.00 | $0.00 | $0.00 | $15,330.00 | $0.00 | $16,500.00 | $0.00 | $0.00 | $350,000.00 | $380,000.00 |
| $0.00 | $0.00 | $0.00 | $8,060.00 | $0.00 | $0.00 | $8,060.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,060.00 | $0.00 | $0.00 | $8,060.00 | $8,060.00 | $96,720.00 | $96,720.00 |
| $1,715.00 | $1,615.00 | $29,865.00 | $27,450.00 | $29,625.00 | $28,549.61 | $19,159.61 | $21,744.61 | $27,617.61 | $30,287.61 | $68,432.61 | $67,362.61 | $68,432.61 | $74,357.61 | $62,792.61 | $74,357.61 | $81,837.61 | | |
| $1,715.00 | $62,935.00 | $29,865.00 | $35,510.00 | $41,764.61 | $28,549.61 | $27,159.61 | $32,502.61 | $73,607.61 | $96,587.61 | $68,432.61 | $67,362.61 | $91,822.61 | $74,357.61 | $87,352.61 | $82,417.61 | $81,837.61 | $446,720.00 | $476,720.00 |
| | | | $8,800.00 | | | | | | | | | | | | | | | |
| | | | | $4,000.00 | | | $36,000.00 | | | | | | | | | | $250,000.00 | $250,000.00 |
| | $1,000.00 | | $4,000.00 | $4,000.00 | | | | $150.00 | | | | $1,200.00 | $4,000.00 | | | $4,000.00 | | |
| | $2,500.00 | | | $300.00 | $600.00 | | | | $2,000.00 | | $150.00 | $150.00 | $150.00 | | | $150.00 | | |
| | $6,200.00 | | | | | | | | | | | | | | | | | |
| | $4,000.00 | | | | | | $2,000.00 | $2,000.00 | | | | | | | | | | |
| | $1,200.00 | | | | | | $1,800.00 | $6,000.00 | | | | | | | | | | |
| | $5,000.00 | | | | | | $100.00 | $3,000.00 | | | | | | | | | | |
| | $5,000.00 | | | | | | | $6,200.00 | | | | $1,600.00 | | | | | | |
| | $1,200.00 | | | | | | $2,000.00 | | | | | $8,000.00 | $6,200.00 | | | $6,200.00 | | |
| | $4,600.00 | | | | | | | $4,400.00 | | | | | | | | | | |
| | $0.00 | | | | | | | | | | | $4,000.00 | | | | | | |
| | $400.00 | | | | | $400.00 | | | | $400.00 | | $400.00 | | | $400.00 | $400.00 | $22,000.00 | $22,000.00 |
| | | | | | $2,000.00 | | | | $3,500.00 | | | | | $3,000.00 | | | | |
| $0.00 | $31,100.00 | $0.00 | $0.00 | $12,800.00 | $8,300.00 | $3,000.00 | $0.00 | $42,050.00 | $27,100.00 | $400.00 | $150.00 | $15,350.00 | $10,350.00 | $0.00 | $10,750.00 | $272,000.00 | $272,000.00 |
| $1,715.00 | $31,835.00 | $29,865.00 | $35,510.00 | $28,964.61 | $20,249.61 | $24,159.61 | $32,502.61 | $31,557.61 | $69,487.61 | $68,032.61 | $67,212.61 | $76,472.61 | $64,007.61 | $83,952.61 | $82,417.61 | $71,087.61 | $174,720.00 | $204,720.00 |
| $0.00 | $600.00 | $0.00 | $600.00 | $0.00 | $0.00 | $600.00 | $0.00 | $600.00 | $0.00 | $600.00 | $0.00 | $600.00 | $0.00 | $600.00 | $0.00 | $600.00 | $6,500.00 | $7,000.00 |
| $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $2,200.00 | $2,300.00 |
| | $500.00 | | | | | | | | | | | | | | | | | |
| $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $2,500.00 | $2,500.00 |
| $0.00 | $0.00 | $0.00 | $1,500.00 | $0.00 | $0.00 | $0.00 | $1,500.00 | $0.00 | $0.00 | $0.00 | $1,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $18,000.00 | $18,000.00 |
| $100.00 | $1,200.00 | $100.00 | $2,200.00 | $100.00 | $700.00 | $100.00 | $2,200.00 | $100.00 | $700.00 | $100.00 | $2,350.00 | $250.00 | $850.00 | $250.00 | $250.00 | $850.00 | $29,200.00 | $29,800.00 |
| $1,615.00 | $30,635.00 | $29,765.00 | $33,310.00 | $28,864.61 | $19,549.61 | $24,059.61 | $30,302.61 | $31,457.61 | $68,787.61 | $67,932.61 | $64,862.61 | $76,222.61 | $63,157.61 | $83,702.61 | $82,167.61 | $70,237.61 | $145,520.00 | $174,920.00 |
| | $200.00 | | | | | | | $600.00 | | | | $600.00 | | $600.00 | | $600.00 | $0.00 | $0.00 |
| | $60.00 | | | | | | | $60.00 | | $60.00 | | $60.00 | | $60.00 | | $60.00 | $7,000.00 | $7,000.00 |
| | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $3,000.00 | $3,000.00 |
| | $40.00 | | | | | | | $40.00 | $40.00 | $40.00 | | $40.00 | | $40.00 | | $40.00 | $3,600.00 | $3,600.00 |
| | $80.00 | | | | | | | $80.00 | | | | $80.00 | $80.00 | $80.00 | | $80.00 | $3,600.00 | $3,700.00 |
| | $75.00 | $2,000.00 | $75.00 | | $75.00 | | $75.00 | $75.00 | | $75.00 | $75.00 | $75.00 | $75.00 | $75.00 | $75.00 | $75.00 | $5,000.00 | $3,000.00 |
| | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $5,000.00 | $5,000.00 |
| | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $35.00 | $1,800.00 | $1,800.00 |
| | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $2,400.00 | $2,400.00 |
| | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $65.00 | $720.00 | $720.00 |
| UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | UNK | | |
| TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | | |
| | | | | $2,000.00 | | | $2,000.00 | | | | | | | | | | | |
| | | $1,295.00 | | | | | | $1,000.00 | | | $1,000.00 | | $1,295.00 | | $1,295.00 | $1,295.00 | $15,000.00 | $15,000.00 |
| | $0.00 | | | | | | | | | | | | | | | | | |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $770.00 | $2,315.00 | $3,685.00 | $315.00 | $390.00 | $2,315.00 | $2,685.00 | $1,170.00 | $355.00 | $570.00 | $2,070.00 | $1,865.00 | $1,070.00 | $1,865.00 | $3,365.00 | $570.00 | $45,120.00 | $45,220.00 |
| $100.00 | $33,070.00 | $2,415.00 | $5,885.00 | $13,215.00 | $9,990.00 | $5,415.00 | $4,885.00 | $43,320.00 | $28,155.00 | $1,070.00 | $4,570.00 | $17,465.00 | $12,270.00 | $5,515.00 | $3,615.00 | $12,170.00 | $346,320.00 | $347,020.00 |
| $1,615.00 | $29,865.00 | $27,450.00 | $29,625.00 | $28,549.61 | $19,159.61 | $21,744.61 | $27,617.61 | $30,287.61 | $68,432.61 | $67,362.61 | $62,792.61 | $74,357.61 | $62,087.61 | $81,837.61 | $78,802.61 | $69,667.61 | $100,400.00 | $129,700.00 |